# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Sabrina Bell, | Case No. 18-CV-3117 (ECT/HB) |
| Plaintiff, | |
| v. | **Report and Recommendation** |
| Elias Wilburn, | |
| Defendant. | |

Plaintiff Sabrina Bell alleges that Defendant Elias Wilburn attempted to use her identity and financial information to rent a saxophone.  (*See* Compl. [Doc. No. 1].)  Bell seeks to recover $572.48 in wages she lost while attempting to rectify the problem, plus an unspecified amount for pain and suffering.  (*Id*. at 4.)

Federal courts are courts of limited jurisdiction; that is, not all lawsuits may be brought in federal court.  *See, e.g.*, *Exxon Mobile Corp. v. Allapattah Servs. Inc.,* 545 U.S. 546, 551 (2005).  Unless a statute provides a basis for the court's subject-matter jurisdiction over a case, the court must dismiss the lawsuit.  *See* Fed. R. Civ. P. 12(h)(3). A question of subject-matter jurisdiction may be raised by the Court *sua sponte* at any time.  *See Lundeen v. Can. Pac. Ry. Co.,* 447 F.3d 606, 611 (8th Cir. 2006).

The plaintiff is responsible for pleading in her complaint "a short and plain statement of the grounds for the court's jurisdiction."  Fed. R. Civ. P. 8(a)(1).  Generally the plaintiff can do so in one of two ways: either by alleging that her lawsuit involves a question of federal law, *see* 28 U.S.C. § 1331, or by alleging that the parties are citizens

1

of different states, *see* 28 U.S.C. § 1332(a).  The form complaint submitted by Bell includes a paragraph asking the litigant to explain whether this Court has jurisdiction based on the presence of a federal question or diversity of citizenship (or both).  (Compl. at 3.)  Bell, however, left this section of her complaint blank.

That said, Bell's complaint makes clear that neither § 1331 nor § 1332(a) can supply a basis for jurisdiction over this lawsuit.  No specific legal claim is asserted by Bell, but the most plausible claims related to the factual allegations in the complaint— conversion, fraud, and the like—each arise under *state* law, not *federal* law.  There is no obvious federal question presented by Bell's lawsuit.  Moreover, although Bell does not allege the citizenship of the parties, she does allege that both she and Wilburn reside in Minnesota (*see* Compl. at 1-2, 3), and there is no reason from the complaint to think that both parties are not citizens of Minnesota as well.[1]  Diversity of citizenship therefore cannot provide grounds for jurisdiction, either.  By all indications, this lawsuit belongs in state court, not federal court.

Without a statutory basis for this Court's subject-matter jurisdiction, this case cannot proceed.  Accordingly, **IT IS RECOMMENDED** that:

1. The case be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

---

[1] Even if the parties were of diverse citizenship, § 1332(a) provides jurisdiction only "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  Far less than that amount appears to be at issue in this litigation.  (*See* Compl. at 4.)

1.    Plaintiff Sabrina Bell's application to proceed *in forma pauperis* [Doc. No.

2] be **DENIED**.

Dated: November 29, 2018                  s/ *Hildy Bowbeer*
                                          Hildy Bowbeer
                                          United States Magistrate Judge


## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* D. Minn. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).